### HENRY E. MOORE *v.* CORNING & Co. et al.

The plaintiff residing in Missouri sent an endorsed note to *J. J. Anderson & Co.* at St. Louis, with instructions to forward the same for collection to New Orleans, where it was payable. The note was sent to *Corning & Co.* at New Orleans, who caused it to be protested by a notary for non-payment. The notary, under the instruction of his employers, sent the notice of protest for the endorser to *J. J. Anderson & Co. Held:* that the notary was exonerated from the obligation of giving notice to the endorser.

The agents, *Corning & Co.*, were only bound to give notice of the dishonor of the note to their principals, and could not be held liable to the plaintiff whose interest in the note was not disclosed to them by their principals.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.
    *Thomas Hunton,* for plaintiff and appellant. *George Eustis,* for defendants.

VOORHIES, J. The plaintiff seeks to make the defendants liable, *in solido,* for the payment of a note of which *L. T. Leblanc* was the maker, and *W. Beaty* the endorser, as damages. He alleges that said note, which he held as endorsee, was enclosed by him to *J. J. Anderson & Co.,* at St. Louis, with instructions to forward the same to New Orleans, where it was payable at the banking house of *Benoist, Shaw & Co.,* for collection; that it was accordingly sent to *Corning & Co.,* who caused it to be protested for non-payment, by *Thomas Layton* as notary public; and, that in consequence of the latter's failure to give legal notice of protest, the endorser was discharged, and the maker proved to be insolvent.

The grounds disclosed by the evidence, in our opinion, are insufficient to make the notary liable. The note clerk of *Corning & Co.* testified on the trial below, that he instructed the notary, under the authority of his employers, to inclose the notice of protest for the endorsers to *J. J. Anderson & Co.,* at St. Louis. The clerk of the notary shows that no inquiry was made as to the residence of the endorser; that he enclosed under those instructions the notices of protest for *Beaty* and *Moore* to *J. J. Anderson & Co.* at St. Louis, and also mailed one to *LeBlanc* at Plaquemine, La., where the note appears to have been made and dated. It is, therefore, obvious that the notary was thereby exonerated from the obligation of giving notice to the endorser according to the requirements of the statute of 1827.

Neither can *Corning & Co.* be held liable to the plaintiff, whose interest in the note was not disclosed to them by *J. J. Anderson & Co.*, for whom they acted as agents.   Under the well settled rule of the commercial law, which we consider undisturbed by the statute of 1827, providing a new and convenient mode of proof, they were only bound to give notice of the dishonor of the note to their principals, and not to the endorser, even had they known his residence.   12 R. 127 ; 1 A. 369, ; 9 A. 27.·

Judgment affirmed.